UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LOREN FALLIS,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF MINNEHAHA, STATE OF SOUTH DAKOTA, MIKE MILLER, IN OFFICIAL CAPACITY AS STATE'S ATTORNEY AND IN INDIVIDUAL CAPACITY; AND TRACY SMITH, IN OFFICIAL CAPACITY AS PUBLIC DEFENDER AND IN INDIVIDUAL CAPACITY;<br><br>Defendants. | 4:19-CV-04159-RAL<br><br>1915A SCREENING AND ORDER DISMISSING COMPLAINT |

Plaintiff, Loren Fallis, filed a pro se civil rights law suit under 42 U.S.C. § 1983. Doc. 1. He filed a motion for leave to proceed in forma pauperis and has provided the court with his prisoner trust account. Docs. 3, 5. Fallis's complaint alleges claims of malicious prosecution against the defendants. Doc. 1 at 2.

I.  **Motion to Proceed In Forma Pauperis**

Fallis filed a motion to proceed in forma pauperis, Doc. 3, and a prisoner trust account report, Doc. 5, showing that he presently has a balance of $20.64. Doc. 5 at 1. His average monthly balance for the past six months has been $5.87. *Id.* Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). "'When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the

proceeding or over a period of time under an installment plan.'" *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Fallis's prisoner trust account and rather than requiring an initial filing fee of just $4, the court grants Fallis leave to proceed in forma pauperis and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). However, this does not relieve Fallis from his obligation to pay the filing fee over time for this § 1983 case. In order to pay his filing fee, Fallis must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Fallis's institution. Fallis remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

2

I. **Allegations of Fallis's Complaint**

Fallis claims that he was subjected to malicious prosecution by the defendants and malfeasance by the defense attorney. Doc. 1 at 2. He believes that the State proceeded against him without an indictment and the "[d]efense and State are with knowledge of the suicide of [his] co-defendant," whom he claims is "most likely [the] one that holds guilt." *Id.* Fallis has not filed a petition for habeas corpus under 28 U.S.C. § 2254, but instead a § 1983 suit requesting damages for pain and suffering in the amount of $250,000. *Id.* at 2–3. He notes that he is suing all of the defendants in their official and individual capacities. *Id.* at 2. Further, he claims to have exhausted all available administrative remedies. *Id.*

II. **Screening and Dismissal Standards**

The "[c]ourt must assume as true all facts well pleaded in the complaint." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this liberal construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief

above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (footnote and citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

**A. Claims Against the State of South Dakota and Official Capacity**

Fallis sues the state of South Dakota. Doc. 1 at 2. The Supreme Court of the United States has explained that Congress, in passing 42 U.S.C. § 1983, did not abrogate states' Eleventh Amendment immunity from suit in federal court. *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 65 (1989) (citations omitted). "Eleventh Amendment immunity extends to states and arms of the state[.]" *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084 (8th Cir. 2006) (internal quotation omitted). Fallis's claims against the state of South Dakota are barred by the Eleventh Amendment and dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Under similar rationale, Fallis's claims against public defender, Tracy Smith, and State's attorney, Mike Miller, in their official capacities cannot survive 1915A screening. The Supreme Court has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71 (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties . . . it does not provide a

federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. *See Pearson v. Callahan*, 555 U.S. 223, 242-43 (2009).

Here, as part of Fallis's requested remedy, he seeks to recover money damages of $250,000 and does not seek injunctive relief. Doc. 1 at 2–3. Consequently, because Fallis has sued defendants in their official capacities, Fallis has asserted a claim for money damages against the state of South Dakota. The state of South Dakota has not waived its sovereign immunity. Thus, to the extent Fallis seeks to hold defendants liable in their official capacities for money damages, the court finds that all of the defendants are protected by sovereign immunity and are entitled to judgment as a matter of law. Fallis has not asked for injunctive relief. Thus, Fallis's claims against defendants in their official capacities are dismissed because it seeks monetary relief from defendants who are immune to such relief. 28 U.S.C. § 1915A(b)(2).

### B. Claims Against the County of Minnehaha

Fallis asserts claims against the County of Minnehaha. Doc. 1 at 2. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents on a theory of respondeat superior." *Andrews v. Fowler*, 98 F.3d 1069, 1074 (8th Cir. 1996) (internal quotation marks omitted) (citing *Monell v. Dep't. of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)). "A county may be liable for violation of constitutional rights if the violation was caused by its customs or policies." *Troy Eugene Am. Horse v. Pennington Cty.*, 2017 WL 2539757 at *2 (D.S.D. June 12, 2017) (citing *Crawford v. Van Buren Cty., Ark.*, 678 F.3d 666, 669 (8th Cir.

2012)). Here, Fallis fails to claim that the County of Minnehaha has an unconstitutional policy. He merely asserts that he was maliciously prosecuted. Fallis's claim against Minnehaha County is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### C. Claims against Tracy Smith and Mike Miller in Their Individual Capacities

At this point of the 1915A screening the only defendants left to analyze are Tracy Smith (public defender) and Mike Miller (State's attorney) in their individual capacities. However, the claims against Tracy Smith must be dismissed as a public defender cannot be sued under § 1983. "In order to recover under section 1983, a plaintiff must prove that the defendant deprived him of a constitutional right under color of state law." *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558 (8th Cir. 1989) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). "The conduct of counsel, either retained or appointed, in representing clients does not constitute action under color of state law for purposes of a § 1983 violation." *Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir. 1974); *Glasspoole v. Albertson*, 491 F.2d 1090, 1091-92 (8th Cir. 1974). Thus, Fallis's claims against Tracy Smith must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Fallis's claim against Mike Miller (State's attorney) fails on similar grounds. Fallis claims he was subjected to malicious prosecution. Doc. 1 at 2. He alleges that he was never indicted for a crime. *Id.* This is the extent of his claims, and Fallis does not allege a constitutional violation. In the Eighth Circuit, "[t]he general rule is that an action for malicious prosecution does not state a claim of constitutional injury." *Tech. Ordnance, Inc. v. United States*, 244 F.3d 641, 650 (8th Cir. 2001). "In other words, a § 1983 claim for malicious prosecution may survive only if defendants' actions also infringe on some provision of the constitution or federal law." *Schmidt v.*

6

*Louise Big Boy*, 2007 WL 858419 at *10 (D.S.D. Mar. 20, 2007) (citing *Tech. Ordnance*, 244 F.3d at 650). Fallis does not allege a constitutional injury based on malicious prosecution. Thus, Fallis's malicious prosecution claims against Mike Miller and all defendants are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Even if Fallis had stated a valid claim against Mike Miller, prosecutors have absolute immunity for actions "intimately associated with the judicial phase of the criminal process" and this includes the decision to prosecute a case. *Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976). Absolute immunity also includes the decision to not prosecute a case and the presentation of evidence at trial. *See Botello v. Gammick*, 413 F.3d 971, 975–76 (9th Cir. 2005); *Doe v. Phillips*, 81 F.3d 1204, 1209 (2d Cir. 1996) (asserting that absolute immunity includes the decision to not prosecute); *see also Imbler*, 424 U.S. at 431 n.33 (presentation of evidence).

### III. Order[1]

Fallis's complaint fails to state a claim upon which relief may be granted. Fallis's complaint is dismissed without prejudice and judgment will be entered in favor of the defendants. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Accordingly, it is

---

[1] Fallis indicated in Doc. 4 that he had "signed power of attorney to: Scott Dean Keth DBA: Circle K & Co. LLC: In the civil lawsuit[.]" Doc. 4 at 1. He directs the court to "forward all correspondence to him [Scott} at his office[.]" This court will continue to communicate with plaintiff, Loren Fallis, as a non-attorney cannot represent a litigant.

7

ORDERED that Fallis's motion to proceed in forma pauperis, Doc. 3, is granted and his initial filing fee is waived. It is further

ORDERED that the institution having custody of Fallis is directed that whenever the amount in Fallis's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to the Fallis's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full. It is further

ORDERED that pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1), Fallis's complaint, Doc. 1, is dismissed without prejudice for failure to state a claim upon which relief can be granted. If Fallis, as an inmate, wishes to challenge the constitutionality of his conviction after fully exhausting claims in state court, he may file an action under 28 U.S.C. § 2254. It is further

ORDERED that this action constitutes a strike against Fallis for purposes of the three-strike rule under 28 U.S.C. § 1915(g). This is Fallis's first recorded strike.

DATED November 15th, 2019.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE